# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, | CASE NO. 1:12-cv-00626-SKO PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $350.00 FILING FEE |
| v. | |
| D. FOSTON, et al., | |
| Defendants. | (Docs. 1, 2, and 7) |
| / | |

**Order Denying Leave to Proceed in Forma Pauperis**

**I.    Section 1915(g)**

Plaintiff Raymond Alford Bradford, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 12, 2011, and the case was transferred to this division of the Eastern District of California on April 19, 2012. Plaintiff seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Docs. 2, 7.)

Plaintiff is subject to section 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] 28 U.S.C. § 1915(g).

---

[1] The Court takes judicial notice of case numbers 2:98-cv-00180-FCD-JFM PC <u>Bradford v. White</u> (E.D. Cal.) (dismissed 06/03/1999 as time barred); 2:02-cv-01859-FCD-GGH PC <u>Bradford v. Terhune</u> (E.D. Cal.) (dismissed 06/18/2003 pursuant to section 1915(g) on a motion to dismiss); 1:04-cv-05496-AWI-DLB PC <u>Bradford v. Terhune</u> (E.D. Cal.) (dismissed 10/21/2004 for failure to state a claim); 2:05-cv-00862-FCD-DAD PC (E.D. Cal.) (dismissed 09/30/2005 for failure to state a claim and as frivolous); and 1:07-cv-01031-OWW-LJO <u>Bradford v. Superior Court of California</u> (E.D. Cal.) (dismissed 08/21/2007 as frivolous).

The determination whether Plaintiff is under imminent danger of serious physical injury is made based on the conditions at the time the complaint is filed, Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007), and the allegation of imminent danger must be plausible, id. at 1054.

**II.    Plaintiff's Allegations**

In his complaint, Plaintiff alleges claims for relief against Inmate Appeals Branch Chief D. Foston and Inmate Appeals Examiner R. Davis, both located at the California Department of Corrections and Rehabilitation headquarters in Sacramento, California. Defendants Foston and Davis denied Plaintiff's inmate appeal at the third and final level of review, known as the Director's Level, on April 1, 2011, and it is the denial of his appeal which forms the basis for his claims against them. (Doc. 1, Comp., court record pp. 9, 10.)

In the appeal that was denied by Defendants, Plaintiff contended that on September 18, 2010, he gave Correctional Officer Capano a note stating that his cellmate was acting strangely and his cellmate had fashioned a weapon from a piece of his metal walker. (Id.) Plaintiff contended that Officer Capano walked away, a sergeant never came to talk to him, and he was subsequently attacked by his cellmate with the aforementioned weapon. (Id.) Plaintiff sought to have Officer Capano reprimanded and investigated, and he requested that the walker be confiscated and that he be given a radio. (Id.) Plaintiff's appeal was denied by Defendants on the ground that there was no documentation in his file to support any safety concerns. (Id.)

In his complaint, Plaintiff alleges that on April 27, 2010, V. Garcia documented an enemy concern within the Corcoran Security Housing Unit (SHU) and wrote that "staff are advised to evaluate and house accordingly." (Id., p.7.) Later, on March 6, 2011, Plaintiff was interviewed regarding safety concerns and the sergeant who interviewed him concluded that Plaintiff could not or would not identify any direct threat to himself. (Id., p. 8.)

Plaintiff, however, alleges that these two "chronos" document the existing threat to his safety. Plaintiff also cites to the declaration of inmate Brown, dated September 18, 2010, in which Brown, who was his cellmate, attests that Plaintiff told staff they were not getting along and Officer Capano ignored him, after which they got into a fight. Finally, Plaintiff also notes psychotropic medication forms dated January 18, 2011, July 10, 2011, and October 21, 2011.

### III. Discussion

#### A. Conclusory Allegations of Imminent Danger

The Court finds that Plaintiff has not met the imminent danger exception for two reasons. First, Plaintiff's complaint is devoid of any specific factual support for his conclusory claim that he is facing imminent danger of serious physical injury at California State Prison-Corcoran. Aware that he is subject to 1915(g), Plaintiff alleges in his complaint that he has safety/enemy concerns which can only be rectified through litigation, and that the double celling policy endangers his life because he is either forced to accept a cellmate or face disciplinary action. However, the chrono which Plaintiff relies upon to support his allegations in no way suggests Plaintiff cannot be housed safely at the Corcoran SHU. (Id., p. 7.) Rather, it notes an enemy concern and directs staff to evaluate and house Plaintiff accordingly. (Id.) There are simply no plausible allegations that Plaintiff, at the time he filed suit, was in imminent danger of serious physical injury. Andrews, 493 F.3d at 1054.

The Court notes that Plaintiff was allegedly attacked by his cellmate on September 18, 2010, which occurred after Plaintiff notified Officer Capano he had concerns about his cellmate. To the extent this incident gives rise to a viable claim for relief under section 1983, a claim which Plaintiff is not pursuing in this action, the incident occurred in 2010 and it does not assist Plaintiff in demonstrating that at the time he filed suit, he was under imminent danger of serious physical injury.

#### B. Imminent Danger Unrelated to Legal Claims

Next, Plaintiff's allegation that he has safety concerns at Corcoran, an allegation specifically offered to satisfy the imminent danger exception, is not related to Plaintiff's legal claims against Defendants Foston and Davis, which arise solely out of their involvement in denying his administrative appeal on April 1, 2011.

Thus, in sum, while Plaintiff claims he is under imminent danger of serious physical injury, his allegations are conclusory and unsupported by any specific facts or by Plaintiff's exhibit; his claim of imminent danger is also unrelated to the legal claims which Plaintiff desires to pursue against Defendants Foston and Davis for denying his administrative appeal. While the Court is mindful that the entire complaint must proceed if the exception is met and courts may not parse out the claims which do not involve imminent danger, none of the claims against Defendants Foston and

Davis involve imminent danger to Plaintiff at the time he filed suit. <u>Andrews</u>, 493 F.3d at 1053-54 (entire complaint must proceed even though only some of the claims involved imminent danger).

### IV. Order

For the reasons set forth herein, it is ORDERED that:

1. Plaintiff's motions for leave to proceed in forma pauperis in this action are denied; and

2. This action is dismissed, without prejudice to refiling with the submission of the $350.00 filing fee in full.

IT IS SO ORDERED.

Dated:   **April 24, 2012**              /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE